IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BARBARA JEAN DAVIS,**                         3:12-CV-01877-BR

      **Plaintiff,**                         OPINION AND ORDER

v.

**CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,**[1]

      **Defendant.**

**MERRILL SCHNEIDER**
Schneider Caver Law Offices
P.O. Box 14490
Portland, OR 97239
(503) 255-9092

      Attorneys for Plaintiff

---

    [1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**TERRYE E. SHEA**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
(206) 615-2143

        Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Barbara Jean Davis seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) dismissing her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  Defendant has filed a Motion (#11) to Dismiss for lack of jurisdiction and failure to state a claim.

    For the reasons that follow, the Court **GRANTS** the Commissioner's Motion and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

    This case has a somewhat complicated history due to Plaintiff's multiple applications for benefits.  Plaintiff was

2 - OPINION AND ORDER

last insured for disability benefits on March 31, 2003. Decl. Robert Weigel, Ex. 3. Plaintiff first filed an application for DIB on July 30, 2008 (referred to hereinafter as "first application"). Plaintiff's first application was denied initially on September 9, 2009. Weigel Decl., Ex. 3. Because Plaintiff did not appeal the initial determination, it became final and binding. 20 C.F.R. § 404.905 (2011). *See also* Weigel Decl. at ¶ 4.

On March 16, 2010, Plaintiff filed a second application for DIB (hereinafter referred to as the "second application"). Plaintiff's second application was denied initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ). Weigel Decl., Ex. 1 at 2a. On October 1, 2010, the ALJ issued a decision dismissing Plaintiff's request for a hearing on the basis of *res judicata* with respect to the issue of Plaintiff's alleged disability. Weigel Decl., Ex. 3. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Plaintiff now seeks judicial review of that decision, and the Commissioner has filed a Motion to Dismiss for lack of jurisdiction and failure to state a claim.

3 - OPINION AND ORDER

## STANDARDS

"Federal courts are courts of limited jurisdiction." *Assoc. of Am. Med. Coll. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000)(citation omitted).  Courts presume a case "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*.  A motion to dismiss on jurisdictional grounds can be "either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment . . . .  It also need not presume the truthfulness of the plaintiffs' allegations." *White*, 227 F.3d at 1242.  Under either form of attack, "jurisdictional dismissals are warranted where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Safe Air*, 373 F.3d at 1039.

## DISCUSSION

Plaintiff argues she is entitled to seek judicial review of

4 - OPINION AND ORDER

the ALJ's decision to deny her second application on *res judicata* grounds because there was a "de facto" reopening of her case. Judicial review of claims arising under Title II of the Social Security Act is authorized and limited by 42 U.S.C. § 405(g). Under that provision a claimant may seek judicial review of "any final decision . . . made after a hearing to which he was a party." 42 U.S.C. § 405(g). *See also* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing . . . shall be subject to judicial review . . . to the same extent as the Commissioner's final determinations under section 205 [42 U.S.C.S. § 405].").

"If administrative res judicata has been applied in bar of a subsequent claim which, properly assessed, is not the same for res judicata purposes, jurisdiction to engage in judicial review exists. In that situation the subsequent claim is necessarily, in legal contemplation, a different one whose merits have never been addressed administratively." *McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981). Two claims are considered the same if they present the same parties, the same facts and the same issues. *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995).

The ALJ found Plaintiff's second application for DIB presents the same facts and the same issues as her first application. Weigel Decl., Ex. 3. Plaintiff and the Commissioner were the only parties to both claims. The ALJ found

5 - OPINION AND ORDER

the doctrine of *res judicata* applied, and, accordingly, the ALJ dismissed Plaintiff's request for a hearing.  Weigel Decl., Ex. 3.  Because the ALJ properly dismissed Plaintiff's application on *res judicata* grounds, this Court does not have jurisdiction to review the ALJ's decision.  *See McGowen*, 666 F.2d at 65.

Plaintiff, nevertheless, argues the ALJ's consideration of evidence that supported the prior disability determination was a *de facto* reopening of the case and adjudication on the merits.  Pursuant to 20 C.F.R. § 404.988(a)-(c), the Commissioner may reopen and revise an otherwise final and binding decision "[w]ithin 12 months of the date of the notice of the initial determination, for any reason[,] . . . [w]ithin four years of the date of the notice of the initial determination if [the Commissioner] find[s] good cause, as defined in § 404.989, to reopen the case[,] or . . . [a]t any time" under certain specified conditions.

In *Rodriguez v. Astrue* the court found a *de facto* reopening occurred when the ALJ "considered on the merits the issue of plaintiff's disability with . . . the same onset date alleged in the [initial] application."  Slip Copy, 2012 WL 6917605, 11 (W.D. Wash. Dec. 27, 2012).  *Rodriguez*, however, is inapplicable because the claimant in that case had obtained a final decision after the ALJ held a hearing to elicit testimony from the

6 - OPINION AND ORDER

claimant and performed the five-step sequential evaluation.[2] *Id*. 1-11. Here the ALJ did not hold a hearing or perform the five-step sequential evaluation before denying Plaintiff's second application and, in fact, the ALJ denied Plaintiff's application solely on *res judicata* grounds. Thus, unlike the ALJ in *Rodriguez*, the ALJ did not reopen Plaintiff's case.

Moreover, the ALJ's consideration of medical evidence in the October 1, 2010, Order of Dismissal does not constitute a "*de facto* reopening" and adjudication on the merits. Weigel Decl., Ex. 3. In the Order of Dismissal, the ALJ explicitly states the ALJ's September 9, 2009, decision regarding Plaintiff's first application is the final decision of the Commissioner regarding Plaintiff's first application. Weigel Decl., Ex. 3. Noting that the decision on the first application "remains final and binding," the ALJ proceeded to determine "whether the same facts and same issues are involved" in Plaintiff's second application. Weigel Decl., Ex. 3. To that end the ALJ refers to medical evidence sufficient to support the determination on Plaintiff's first application and notes Plaintiff did not provide any additional evidence in her second application. Weigel Decl., Ex. 3. The ALJ's review of the medical evidence "does not

---

[2] Similarly, in *Lewis v. Apfel*, the Ninth Circuit found a *de facto* reopening of the claimant's case after the ALJ held a hearing and performed the five-step sequential analysis. 236 F.3d 503, 507-09 (9th Cir. 2001).

7 - OPINION AND ORDER

constitute reconsideration on the merits necessary to constitute *de facto* reopening of the earlier application." *Brown v. Sullivan*, 932 F.2d 1243, 1246 (8th Cir. 1991).

Upon review of the evidence, the ALJ found the same facts and the same issues were involved in both the first and second applications and that the doctrine of *res judicata* applies. Weigel Decl., Ex. 3. *See also McGowen*, 666 F.2d at 65. Thus, the ALJ's decision to dismiss Plaintiff's second application on *res judicata* grounds was proper. *See Lester*, 81 F.3d at 827. Accordingly, Plaintiff does not meet the requirements for judicial review under 42 U.S.C. § 405(g) or 42 U.S.C. § 1383(c)(3), and, therefore, the Court grants the Commissioner's Motion to Dismiss for lack of jurisdiction and failure to state a claim.

## **CONCLUSION**

For these reasons, the Court **GRANTS** Defendant's Motion (#11) to Dismiss and **DISMISSES** Plaintiff's Complaint (#1).

IT IS SO ORDERED.

DATED this 13th day of June, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER